IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 4 2012

JAMES W. McCORMACK, CLERK
By:_____ Saw _____
DEP CLERK

CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated                              PLAINTIFFS

vs.                          No. 4:12-CV-245 Jmm

CONAGRA FOODS PACKAGED FOODS, LLC
d/b/a CONAGRA FOODS

This case assigned to District Judge Moody
and to Magistrate Judge Kearney   DEFENDANT

## ORIGINAL COMPLAINT—CLASS ACTION

COME NOW Plaintiffs Craig Lyons, Justin Anderson, Tommy Applegate,

Brandon Etzkorn, Gerald Fischer, Jr., James Geary, William Mars, Edward White and

Khanthalyxay La Rasavong, each individually and on behalf of all others similarly

situated, by and through their attorneys Lydia Hamlet and Josh Sanford of Sanford Law

Firm, PLLC, and for their Original Complaint, do hereby state and allege as follows:

I.

## PRELIMINARY STATEMENTS

1.      This is an action brought by all Plaintiffs named above, each individually

and on behalf of all others similarly situated, against Defendant Conagra Foods

Packaged Foods, LLC, d/b/a Conagra Foods.

2.      The proposed Section 216 class is composed entirely of hourly-paid food

production plant employees who, during the applicable time period, worked/work for

Defendant and were/are denied their fundamental rights under applicable federal wage and hour laws.

3.      The proposed Rule 23 class is composed entirely of hourly-paid food production plant employees who, during the applicable time period, worked/work for Defendant in the State of Arkansas and were/are denied their fundamental rights under applicable state wage and hour laws.

4.      Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated regular wages and overtime compensation for the hours that they were/are made to work off the clock for each single workweek.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described infra.

6.      The initial Plaintiffs' Consents to Join are attached hereto, collectively, as Exhibit "A."

## II.

## **THE PARTIES**

### A.    THE NINE INITIAL PLAINTIFFS

7.    Plaintiff Craig Lyons ("Lyons") is a citizen and resident of the County of Pope, State of Arkansas.

8.    Lyons is presently employed in Production Maintenance for Defendant at 3100 East Main Street, Russellville, Arkansas 72801, one of Defendant's food production locations, (hereinafter referred to as the "Russellville Plant"). His tenure has spanned a period longer than the three (3) years immediately preceding the filing of this action.

9.    Plaintiff Justin Anderson ("Anderson") is a citizen and resident of the County of Pope, State of Arkansas.

10.    Anderson is presently employed in Production Maintenance for Defendant at the Russellville Plant. His tenure has spanned a period longer than the three (3) years immediately preceding the filing of this action.

11.    Plaintiff Tommy Applegate ("Applegate") is a citizen and resident of the County of Pope, State of Arkansas.

12.    Applegate is a current Production Mechanic who works at the Russellville Plant. His tenure has spanned a period longer than the three years immediately preceding the filing of this action.

13.    Plaintiff Brandon Etzkorn ("Etzkorn") is a citizen and resident of the County of Pope in the State of Arkansas.

14.     Etzkorn is a current Quality Control employee who works at the Russellville Plant. His tenure has spanned a period longer than the three years immediately preceding the filing of this action.  Etzkorn has also employed as a Process Operator (Crockpot, RMO, Fry-bake) during the past three years.

15.     Plaintiff Gerald Fischer, Jr., ("Fisher") is a citizen and resident of the County of Pope, State of Arkansas.

16.     Fischer is a present employee in Production Maintenance and he works at Defendant's Russellville Plant.  His tenure has spanned a period longer than the three (3) years immediately preceding the filing of this action.

17.     Plaintiff James Geary ("Geary") is a citizen and resident of the County of Pope in the State of Arkansas.

18.     Geary is a former Instrument Technician/Electrical who worked at the Russellville Plant. His tenure began before the three years immediately preceding the filing of this action, and it ended on or about January 5, 2012.

19.     Plaintiff William Mars ("Mars") is a citizen and resident of the County of Pope in the State of Arkansas.

20.     Mars is a current Sanitation Worker who works at the Russellville Plant. His tenure has spanned a period longer than the three years immediately preceding the filing of this action.  During the statute of limitations period, he was also employed in the positions of Extra Board Prep and Processor.

21.     Plaintiff Edward White ("White") is a citizen and resident of the County of Pope, State of Arkansas.

22.     White is a current Production Mechanic who works at the Russellville Plant. His tenure has spanned a period longer than the three years immediately preceding the filing of this action.

23.     Plaintiff Khanthalyxay La Rasavong ("Rasavong") is a citizen and resident of the County of Pope in the State of Arkansas.

24.     Rasavong is a current Production Mechanic who works at the Russellville Plant. His tenure has spanned a period longer than the three years immediately preceding the filing of this action.

25.     All Plaintiffs were injured by the acts and omissions of Defendants during such time as they were entitled to the rights and protections of the FLSA and AMWA.

## B.     DEFENDANT

26.     Defendant Conagra Foods Packaged Foods, LLC, d/b/a Conagra Foods ("Conagra"), is a private, for-profit limited liability company created and existing under and by virtue of the laws of the State of Nebraska, registered to do business in the State of Arkansas, producing prepared foods and food products at large facilities across the United States, including at least two such locations in the State of Arkansas.

27.     Defendant has annual gross revenues exceeding $500,000.00.

28.     Defendant's principal address is One ConAgra Drive, I-237, Omaha, Nebraska 68102.

29.     Defendant is/was Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under both the FLSA and the AMWA.

30.     Defendant has as its registered agent for service the Prentice-Hall Corporation System, Arkansas, which is located at 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

III.

## JURISDICTION AND VENUE

31.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

32.     This Complaint also alleges violations of the AMWA, which alleged violations arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

33.     20.     This Court has pendent jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).

34.     The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

35.     The instant litigation asserts a class action claim under Rule 23 of the Federal Rules of Civil Procedure.

## IV.

## **FACTUAL ALLEGATIONS**

36.     At all relevant times herein, Conagra is a foreign corporation maintaining numerous locations throughout the United States with annual gross revenues exceeding $500,000.00.

37.     At all relevant times herein, Conagra was/is the "employer" of Plaintiffs and similarly situated employees within the meaning of all applicable federal and state laws and statutes, including the FLSA and AMWA.

38.     At all relevant times herein, Conagra directly hired Plaintiffs and similarly situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

39.     At all relevant times herein, Plaintiffs have been employed by Conagra as hourly-paid, prepared foods plant production laborers.  Plaintiffs and similarly situated employees were/are classified by Defendant as non-exempt under the FLSA, and were/are always paid an hourly rate.

40.     At all relevant times herein pursuant to Conagra's common and universal practice, Plaintiffs and similarly situated employees were/are required to work off the clock, including but not limited to, reporting to work and donning personal protective equipment (PPE) prior to the time they were allowed to clock in, as well as often remaining at work to doff and store and/or return personal protective equipment after Defendant mandated that they be clocked out.

41.    The time spent in relation to donning, doffing, and otherwise managing the PPE, including time spent in transit to and from changing areas to Defendant's time-clock, was necessary and indispensable to Plaintiffs' principal work, but because these activities occurred prior to clocking in and after clocking out, Plaintiffs and similarly situated employees were not compensated by Defendant for this time.

42.    At all relevant times herein, Conagra failed and continues to fail to accurately record all of the time worked off the clock by Plaintiffs and similarly situated employees and failed to properly compensate all of the off-the-clock hours.

43.    At all relevant times herein, starting more than three (3) years ago and continuing to present, Conagra has deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours over forty (40) per week.

44.    Conagra's conduct and actions, as described above, are in violation of the FLSA and the AMWA and are willful, intentional and not the result of a good faith contest or dispute.

## V.

## CLASS ACTION ALLEGATIONS

45.    Plaintiffs bring this class action to recover monetary damages owed by Defendant to Plaintiffs and members of the putative Class for all the unpaid regular wages and overtime compensation for all the hours worked off the clock.

46.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA and the AMWA.

47.    In addition, and in the alternative, Plaintiffs bring this action in their individual and personal capacities, separate and apart from the Class claims set forth herein.

48.    The Rule 23 Class under the AMWA is defined as follows:

**All current and former employees of Defendant, who were employed as hourly food production plant employees in the State of Arkansas during the statutory period, and who:**

**(a)  worked off the clock because of Defendant's universal donning and doffing policies;**

**(b)  worked off the clock because of Defendant's strategic placement of time clocks, whereby the class members' access to the opportunity to record their compensable time was used to Defendant's advantage; and**

**(c)  were not paid regular wages and overtime compensation for hours they worked in excess of forty (40) hours for each week.**

49.    Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All current and former employees of Defendant, who were employed as food production plant employees during the statutory period, and who:**

**(a)  worked off the clock because of Defendant's universal donning and doffing policies;**

**(b)  worked off the clock because of Defendant's strategic placement of time clocks, whereby the class members' access to the opportunity to record their compensable time was used to Defendant's advantage; and**

**(c)  were not paid regular wages and overtime compensation for hours they worked in excess of forty (40) hours for each week.**

50.     This action is properly brought as a class action pursuant to the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

51.     The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least one thousand five hundred (1,500) putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period at the Russellville Plant location alone.

52.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

      (a) The compensability of time spent donning and doffing, and in transit to and from changing areas;

      (b) Whether Plaintiffs and members of the Class worked off the clock;

      (c) Whether Defendant has failed to pay Plaintiffs and members of the Class regular wages and overtime compensation for all of the hours over forty (40) each week;

      (d) Whether Defendant is liable to Plaintiffs and members of the Class for violations of the FLSA and AMWA.

53.     This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.  Like all Class members, Plaintiffs were injured by Defendant's policies and practices of

failure to pay regular wages and overtime compensation for all the hours worked off the clock.

54.     Plaintiffs have no interests antagonistic to the interests of the other members of the Class.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

55.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

(a)     Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

(b)     Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

(c)     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

56.     Plaintiffs are aware of no members of the proposed class which have an interest in individually controlling the prosecution of separate actions.   Neither are Plaintiffs aware of any other litigation concerning this particular controversy.

57.     Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical

matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

58.     Class certification is further appropriate under the AMWA because Defendant has acted and continues to act on grounds generally applicable to the members of the Class and all the requirements under Rule (a) and Rule (b)(3) of the Federal Rules of Civil Procedure are met.

59.     Plaintiffs anticipate that there will be no difficulty in the management of this litigation.  This litigation presents FLSA and AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## VI.

## FIRST CLAIM FOR RELIEF

## (Individual Claims for Violation of FLSA)

60.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

61.     Defendant required Plaintiffs to work off the clock but failed to pay Plaintiffs regular wages and overtime compensation for all of the off-the-clock hours.

62.     Defendant deprived Plaintiffs regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

63.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64.     By reason of the unlawful acts alleged herein, Defendant is liable to each individual Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

65.     Alternatively, should the Court find that Defendant did not act willfully in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.

### SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of AMWA)

66.     Plaintiffs repeat and re-allege all the preceding paragraphs of the Complaint above, as if fully set forth herein.

67.     Defendant required Plaintiffs to work off the clock but failed to pay Plaintiffs regular wages and overtime compensation for all of the off-the-clock hours.

68.     Defendant deprived Plaintiffs regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

69.     Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

70.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

## VIII.

## THIRD CLAIM FOR RELIEF

### (Class Action Claim for Violation of FLSA)

71.     Plaintiffs repeat and re-allege all the preceding paragraphs of the Complaint above, as if fully set forth herein.

72.     Defendant required Plaintiffs and similarly situated members of the Class to work off the clock but failed to pay Plaintiffs and the Class members regular wages and overtime compensation for all of the off-the-clock hours.

73.     Defendant deprived Plaintiffs and the Class members regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

74.     Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

75.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the Class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## IX.

## FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of AMWA)

76.     Plaintiffs repeat and re-allege all the preceding paragraphs of the Complaint above, as if fully set forth herein.

77.     Defendant required Plaintiffs and similarly situated members of the Class to work off the clock but failed to pay Plaintiffs and the Class members regular wages and overtime compensation for all of the off-the-clock hours.

78.     Defendant deprived Plaintiffs and the Class members regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

79.     Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

80.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated members of the Class for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

## X.

## <u>WILLFULNESS</u>

81.     All actions by Defendant were willful and not the result of mistake or inadvertence.

82.     Defendant knew or should have known that the FLSA applied to their operation of its food plant at all relevant times.  Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the non-payment for donning and doffing under the FLSA was challenged.

83.     Cases in support of the position taken by Plaintiffs in this lawsuit are many and are found throughout the country.   Many of them meaningfully predate the

intentional non-payment planned and committed by Defendant in this case, and some demonstrate that the food production industry is a repeated offender of this type of FLSA violation.  IBP, Inc. v. Alvarez, 546 U.S. 21 (2005); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Helmert, et al., v. Butterball, LLC, 4:08-cv-0342-JLH (E. D. Ark 2008); Bouaphekeo v. Tyson Foods, Inc., 5:07-cv-04009-JAJ, (N.D. Iowa 2005).

84.    Plaintiffs are aware of no cases which support Defendant's intentional non-payment of time spent donning and doffing Defendant's clothes and equipment.

85.    In those prior cases, plant workers working under conditions similar to those employed by Defendant were determined to be entitled to compensation under the FLSA.

86.    Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and other members of the proposed collective class and withhold minimum (and overtime) wages to them in effort to enhance their profits.

87.    Additionally, some Plaintiffs and some members of the proposed collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to off-the-clock work.

## XI.

## JURY DEMAND

88.    Plaintiffs and members of the Class demand a trial by a jury on all of the triable issues of this Complaint.

**XII.**

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Craig Lyons, Justin Anderson, Tommy Applegate, Brandon Etzkorn, Gerald Fischer, Jr., James Geary, Wiliam Mars, Edward White and Khanthalyxay La Rasavong, on behalf of themselves each individually and for others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a)      A declaratory judgment that Defendant Conagra's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

(b)      A declaratory judgment that Defendant Conagra's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations.

(c)      Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

(d)      Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations.

(e)      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period.

(f)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations.

(g)     Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled.

(h)     An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE, BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY, WILLIAM MARS, EDWARD WHITE and KHANTHALYXAY LA RASAVONG,**

**Each Individually and on Behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 400
LITTLE ROCK, ARKANSAS 72211
PHONE: (501) 221-0088
FAX: (888) 787-2040

By:  _____
Lydia Hamlet
Ark Bar No. 2011082
lydia@sanfordlawfirm.com

and  _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**                    **PLAINTIFFS**

vs.                    No. 4:12-CV-245 Jmm

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**                    **DEFENDANT**

---

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Craig Lyons                    1011 North Denver Avenue
CRAIG LYONS                    Russellville, Arkansas 72801

Date: April 24, 2012

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**　　　　　　　　　　**PLAINTIFFS**

vs.　　　　　　　　　　No. 4:12-CV-245 Jmm

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**　　　　　　　　　　**DEFENDANT**

---

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Justin Anderson　　　　　　292 Carothers Lane
JUSTIN ANDERSON　　　　　　Russellville, Arkansas 72802


Date: April 24, 2012

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**                **PLAINTIFFS**

vs.                     No. 4:12-CV-245 Jmm

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**                **DEFENDANT**

---

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Tommy Applegate             200 East K Street, Apt. E
TOMMY APPLEGATE                 Russellville, Arkansas 72801

Date: April 24, 2012

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**                              **PLAINTIFFS**

vs.                              No. 4:12-CV-*215 Jmm*

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**                              **DEFENDANT**

---

### CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Brandon Etzkorn                              1940 South Elmira, Ave, Apt 309
BRANDON ETZKORN                              Russellville, Arkansas 72801

Date: April 24, 2012

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**                     **PLAINTIFFS**

vs.                          No. 4:12-CV-_245 JMM_

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**                                   **DEFENDANT**

---

### CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Gerald Fischer, Jr.                 401 East Gum Street
GERALD FISCHER, JR.                Russellville, Arkansas 72802


Date: April 24, 2012

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE, BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY, WILLIAM MARS, EDWARD WHITE and KHANTHALYXAY LA RASAVONG, Each Individually and on Behalf of Others Similarly Situated**                    **PLAINTIFFS**

vs.                                  No. 4:12-CV-_245_ Jmm

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**                                      **DEFENDANT**

---

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, Inc., I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ James Geary                         901 North Knoxville Avenue
JAMES GEARY                            Russellville, Arkansas 72801


Date: April 24, 2012

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**          **PLAINTIFFS**

vs.          No. 4:12-CV-_245_ Jmm

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**          **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, Inc., I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ William C. Mars
WILLIAM C. MARS

1207 South El Paso
Russellville, Arkansas 72801

Date: April 24, 2012

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE, BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY, WILLIAM MARS, EDWARD WHITE and KHANTHALYXAY LA RASAVONG, Each Individually and on Behalf of Others Similarly Situated**  **PLAINTIFFS**

vs.                          No. 4:12-CV-245 JMM

**CONAGRA FOODS PACKAGED FOOD, LLC d/b/a CONAGRA FOODS**  **DEFENDANT**

---

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, Inc., I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Edward A. White                 366 Will Baker Road
EDWARD A. WHITE                   London, Arkansas 72847


Date: April 24, 2012

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIG LYONS, JUSTIN ANDERSON, TOMMY APPLEGATE,
BRANDON ETZKORN, GERALD FISHER, JR., JAMES GEARY,
WILLIAM MARS, EDWARD WHITE and
KHANTHALYXAY LA RASAVONG, Each Individually and on
Behalf of Others Similarly Situated**                                              **PLAINTIFFS**

vs.                                          No. 4:12-CV-245 JMM

**CONAGRA FOODS PACKAGED FOOD, LLC
d/b/a CONAGRA FOODS**                                                              **DEFENDANT**

---

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly employee at ConAgra Foods on or after April 24, 2009. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As an hourly employee at ConAgra Foods, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Khanthalyxay La Rasavong              396 Mount Zion Road
KHANTHALYXAY LA RASAVONG                  Russellville, Arkansas 72802


Date: April 24, 2012

## EXHIBIT A